IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:19CR482-1 |
| | : | |
| v. | : | |
| | : | |
| TOMMY TARRELL MCCASKILL | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, TOMMY TARRELL MCCASKILL, in his own person and through his attorney, Ira R. Knight, and state as follows:

1. The defendant, TOMMY TARRELL MCCASKILL, is presently under Indictment in case number 1:19CR482-1, which charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), distributing 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

2. The defendant, TOMMY TARRELL MCCASKILL, will enter a voluntary plea of guilty to the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, TOMMY TARRELL MCCASKILL, understands that, as to the Indictment herein, any person who commits the offense for which he is pleading guilty to after a prior conviction for a felony drug offense has become final shall be sentenced to a term of imprisonment of not less than ten years, nor more than life, a fine not to exceed $8,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, TOMMY TARRELL MCCASKILL, the defendant may, in the alternative, be fined not more than the greater of twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code Section 3571, entitled Sentence of Fine. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least eight years in addition to such term of imprisonment.

b. The defendant also understands that, as to the Indictment herein, the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

c. The defendant, TOMMY TARRELL MCCASKILL, understands that because the Indictment herein relates to a felony violation involving a listed chemical, the defendant may be enjoined from engaging in

2

any transaction involving a listed chemical for not more than ten years, pursuant to Title 21, United States Code, Section 841(e).

d.  The defendant, TOMMY TARRELL MCCASKILL, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e.  The defendant, TOMMY TARRELL MCCASKILL, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, TOMMY TARRELL MCCASKILL, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, TOMMY TARRELL MCCASKILL, further understands that in the

event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Indictment herein, the defendant, TOMMY TARRELL MCCASKILL, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, TOMMY TARRELL MCCASKILL, is going to plead guilty to the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

   a. It is understood that if the Court determines at the time of sentencing that the defendant, TOMMY TARRELL MCCASKILL, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the

4

Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

    b. The defendant, TOMMY TARRELL MCCASKILL, agrees that the substance involved in the offense alleged in the Indictment herein is 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

    c. The defendant, TOMMY TARRELL MCCASKILL, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, TOMMY TARRELL MCCASKILL, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

    6. The defendant, TOMMY TARRELL MCCASKILL, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

5

Case 1:19-cr-00482-LCB    Document 15    Filed 10/22/19    Page 5 of 7

7. The defendant, TOMMY TARRELL MCCASKILL, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, TOMMY TARRELL MCCASKILL, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, TOMMY TARRELL MCCASKILL, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

6

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 21 day of October, 2019.

_____
MATTHEW G.T. MARTIN
United States Attorney

_____
IRA R. KNIGHT
Attorney for Defendant

_____
SANDRA J. HAIRSTON
NCSB #14118
First Assistant
United States Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401
336/333-5351

_____
TOMMY TARRELL MCCASKILL
Defendant

7